The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICO COPELAND,
Plaintiff,

v.

GRAYBAR ELECTRIC COMPANY, INC.,
Defendant

NO. 2:22-cv-280

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## I. INTRODUCTION

This matter comes before the Court on the "Motion to Amend Complaint" filed by Plaintiff Rico Copeland. The operative original Complaint includes race discrimination claims of disparate treatment, hostile work environment, and retaliation under 42 U.S.C § 2000e *et seq.* and the Washington Law Against Discrimination (WLAD). Plaintiff requests leave to add to his Complaint a claim for race discrimination under 42 U.S.C. § 1981.

As Defendant Graybar Electric Company, Inc. notes in its opposition, however, the deadline for filing amended pleadings, set by the Court's Order Setting Trial Dates and Related Dates, was July 25, 2022. *See* Dkt. No. 18 ("Scheduling Order"). Thus, the Court construes Plaintiff's Motion as seeking: (1) leave to amend the Scheduling Order to extend that deadline; and (2) leave to amend the complaint. *See Aldan v. World Corp.*, 267 F.R.D. 346, 355 (D. N. Mar. I. 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992))

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

- 1

("[W]here a motion to amend the complaint is filed after the deadline in a scheduling order, but no motion to modify the scheduling order is filed, the motion to amend the complaint is also deemed to be a motion to amend the scheduling order.").

Having reviewed the briefs in support of and opposition to this motion, the proposed amended complaint, and the relevant caselaw, the Court finds and rules as follows.

## II.   BACKGROUND

Plaintiff filed his Complaint on March 9, 2022. Plaintiff alleges that while at work at the Renton, Washington facility of his former employer, Defendant Graybar Electric, he was subjected to "menacing" and "aggressive" harassment by a fellow employee, Fred Christian. *See* Compl., ¶¶ 10-17. The Complaint alleges several incidents involving Christian's demeaning and violent behavior towards Plaintiff, who is African American. The Complaint alleges that "other people also complained about . . . racist comments that Christian made." *Id*., ¶ 14. Plaintiff alleges that he reported the incidents to Defendant's managers, but that Defendant failed to take disciplinary action against Christian, and instead ultimately terminated Plaintiff. Plaintiff claims that Christian's "mistreatment of Copeland, which was permitted by and in some instances conducted by Defendant, was based on Copeland's race," and that "Defendant's disparate treatment of Copeland . . . constitutes discrimination on the basis of race." *Id*., ¶¶ 21, 23.

On June 16, 2022, the Court issued the Scheduling Order based upon the parties' Joint Status Report. The Court set July 25, 2022—a week later that the parties' agreed proposed date— as the deadline for seeking leave to amend the pleadings. That order also set a discovery cutoff of February 8, 2023. Both dates have long past.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

- 2

## III. DISCUSSION

### A. Standard for Amendment of Scheduling Order

The Court's June 16, 2022 Scheduling Order explicitly states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown." Scheduling Order at 2. That admonishment conforms to the standard set by Federal Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." Unlike the liberal standard under Federal Rule 15 governing the amendment of a complaint, "which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . If that party was not diligent, the inquiry should end." *Id*.

### B. Plaintiff Has Not Shown Good Cause Justifying Amendment of Scheduling Order

Plaintiff claims that the request to amend the Complaint to add a race discrimination claim under Section 1981 is based on information obtained in an interview with another Graybar employee, Erik Cota. According to Plaintiff, in that interview Cota reported that he overheard Christian use an obscene and racist epithet in reference to Plaintiff. Plaintiff claims he obtained this testimony on November 28, 2022, after receiving Cota's contact information through Defendant on September 30, 2022. Plaintiff claims that Cota's testimony, "combined with Plaintiff's deposition testimony on November 9, 2022," motivated him to seek leave to add the Section 1981 claim. Pl.'s Mot. at 5.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

- 3

The Court concludes that Plaintiff has failed to establish diligence with respect to seeking leave to amend the Complaint, and thus has also failed to demonstrate good cause for an extension of the Scheduling Order's deadline to amend the pleadings. The Court could take issue with Plaintiff's suggestion[1] that he could not have obtained Cota's contact information and testimony sooner than November 28, and certainly takes issue with the notion that he could not have obtained his *own* testimony sooner than November 9. However, the real problem with Plaintiff's motion is that it does not explain in what way testimony obtained in Cota's interview or Plaintiff's deposition justifies adding a Section 1981 claim after the amendment deadline, when the Complaint already includes claims for disparate treatment, retaliation, and hostile work environment based on race under Title VII and the WLAD. Indeed, the Complaint already includes explicit claims of "discrimination on the basis of race," and an allegation that "mistreatment . . . was based on Copeland's race." Cota's testimony might support these claims, but there is simply no discernable reason Plaintiff could not have included a Section 1981 claim in the original Complaint, or added the claim before the pleadings amendment deadline.

### C. Plaintiff's Motion to Amend Complaint Is Untimely and Would Cause Prejudice

Because the Court concludes that good cause does not exist for extending the pleadings amendment deadline, the question of whether amendment of the complaint should be allowed is essentially moot. *See Johnson*, 975 F.2d at 609 (failure to demonstrate good cause to extend deadline justifies denying motion to amend). The Court also concludes, however, that even setting

---

[1] Plaintiff merely suggests, but does not explicitly claim, that he diligently attempted to obtain Cota's contact information and testimony sooner but was unable to do so for reasons beyond his control. The Court is left to surmise that the reason for Plaintiff's failure to obtain the information before the amendment deadline was a lack of diligence, as the witness's name and the value of his testimony was certainly known to Plaintiff at the time he filed the Complaint. *See* Compl., ¶ 14 (referring to Erik Cota by name).

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

- 4

that deadline aside, adding a claim that could have been brought in the original Complaint, after all depositions in this case have been taken and discovery has closed, would cause Defendant undue prejudice. The request for leave to amend the complaint would also be denied based on Plaintiff's undue delay. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Acri v. International Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986) (even under the liberal Rule 15 standard, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

For the foregoing reasons, Plaintiff's Motion to Amend is DENIED.

DATED this 2nd day of March, 2023.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

- 5